GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>                        Plaintiff,<br><br>                  v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                        Defendants. | 19 Civ. 11311 (JSR)<br><br>**ANSWER TO THE COMPLAINT** |

Defendants United States Customs and Border Protection ("CBP") and United States Immigration and Customs Enforcement ("ICE") (together, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the complaint of Plaintiff American Civil Liberties Union on information and belief as follows:

### INTRODUCTION[1]

1. Paragraph 1 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 1, except admit that this action is putatively brought under the

---

[1] Defendants replicate the headings from Plaintiff's complaint solely for ease of reference, without admitting the allegations set forth thereunder.

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., admit that Defendants have not produced records to Plaintiff to date, and aver that Defendants' efforts in response to Plaintiff's FOIA requests are ongoing.

2. Paragraph 2 of the complaint sets forth characterizations of the subject of Plaintiff's FOIA request and/or allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Paragraph 3 of the complaint sets forth characterizations of the subject of Plaintiff's FOIA request and/or allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Paragraph 4 of the complaint states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever from Defendants.

**PARTIES**

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the complaint.

6. Admit and aver that ICE is a component of the U.S. Department of Homeland Security ("DHS"), and that DHS is an agency within the meaning of 5 U.S.C. § 552(f).

7. Admit and aver that CBP is a component of DHS.

## JURISDICTION AND VENUE

8. Paragraph 8 of the complaint states a legal conclusion regarding jurisdiction, to which no response is required.

9. Paragraph 9 of the complaint states a legal conclusion regarding venue, to which no response is required.

## FACTS

### Background: ICE and CBP Own Cell Site Simulators and Use Them

10. Paragraph 10 of the complaint sets forth characterizations of the subject of Plaintiff's FOIA request, an alleged December 19, 2016, report of the U.S. House of Representatives Committee on Oversight and Government Reform, and/or allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit only the existence of the report cited in footnote 1 in Paragraph 10, and respectfully refer the Court to that report for a complete and accurate description of its contents.

11. Paragraph 11 of the complaint sets forth characterizations of the subject of Plaintiff's FOIA request, alleged news articles, and/or allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit only the existence of articles cited in footnote 2 in Paragraph 11, and respectfully refer the Court to those articles for complete and accurate descriptions of their contents.

### The Records Requested

12. Admit that on or about May 19, 2017, Plaintiff sent a FOIA request to ICE and CBP, and respectfully refer the Court to that request for a complete and accurate description of

its contents. Admit that Exhibit A to Plaintiff's complaint, Dkt. No. 1-1, is a true and correct copy of Plaintiff's May 19, 2017, FOIA request.

13. Paragraph 13 of the complaint consists of characterizations of Plaintiff's May 19, 2017, FOIA request to ICE and CBP. Defendants admit the existence of the May 19, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

14. Admit that Plaintiff requested expedited processing in its May 19, 2017, FOIA request, and respectfully refer the Court to that request for a complete and accurate description of its contents.

15. Admit that Plaintiff requested fee waivers in its May 19, 2017, FOIA request, and respectfully refer the Court to that request for a complete and accurate description of its contents.

16. Paragraph 16 of the complaint consists of a characterization of Plaintiff's May 19, 2017, FOIA request to ICE and CBP. Defendants admit the existence of the May 19, 2017, FOIA request and respectfully refer the Court to that request for a complete and accurate description of its contents.

**Defendants' Responses to the Request**

**ICE**

17. Admit that ICE sent correspondence to Plaintiff on or about May 22, 2017, and respectfully refer the Court to that correspondence for a complete and accurate description of its contents. Admit and aver that ICE acknowledged receipt of Plaintiff's May 19, 2017, FOIA request, granted Plaintiff's fee waiver request, and denied Plaintiff's request for expedited processing.

18.     Admit and aver that Plaintiff sent a letter to ICE dated June 13, 2017, appealing ICE's denial of expedited processing, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

19.     Paragraph 19 of the complaint sets forth Plaintiff's characterization of and quotations from a letter ICE sent to Plaintiff, dated September 20, 2017. Defendants admit the existence of the September 20, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

20.     Admit that Plaintiff sent correspondence to ICE on or about September 20, 2017, and respectfully refer the Court to that correspondence for a complete and accurate description of its contents.

21.     Paragraph 21 of the complaint sets forth characterizations of, or quotations from, a letter ICE sent to Plaintiff, dated October 18, 2017. Defendants admit the existence of the October 18, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

22.     Admit and aver that ICE has not sent any written correspondence to Plaintiff subsequent to its October 18, 2017, letter regarding Plaintiff's May 19, 2017, FOIA request. Admit that ICE has not produced records to Plaintiff to date, and aver that ICE's efforts in response to Plaintiff's FOIA request are ongoing. Plaintiff's use of the term "relevant" is vague, and on that basis, Defendants deny knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 22, except admit that Exhibit B to Plaintiff's complaint, Dkt. No. 1-2, contains true and correct copies of correspondence between Plaintiff and ICE.

23.     Deny the allegations in the first sentence of Paragraph 23 of the complaint, and aver that ICE's efforts in response to Plaintiff's FOIA request are ongoing. The remainder of

Paragraph 23 sets forth Plaintiff's characterization of the subject of Plaintiff's FOIA request, alleged reports, news articles, and publicly docketed court records, and/or allegations unrelated to Plaintiff's legal claims under FOIA, to which no response is required.  To the extent a response is deemed required, Defendants admit only the existence of the materials cited in footnotes 1 through 4 of the complaint, and respectfully refer the Court to those materials for complete and accurate descriptions of their contents.

24.     Paragraph 24 of the complaint states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 24.

### CBP

25.     Admit that on or about May 24, 2017, CBP sent to Plaintiff an e-mail regarding Plaintiff's request for expedited processing, and respectfully refer the Court to that e-mail for a complete and accurate description of its contents.  Also admit that on or about May 24, 2017, CBP sent to Plaintiff a final response letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.  Admit further that on or about May 24, 2017, CBP sent to Plaintiff an e-mail regarding Plaintiff's fee waiver request, and respectfully refer the Court to that e-mail for a complete and accurate description of its contents.

26.     Paragraph 26 of the complaint sets forth Plaintiff's characterization of an appeal letter Plaintiff sent to CBP, dated June 19, 2017.  Defendants admit the existence of the June 19, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

27.     Deny the allegations in Paragraph 27 of the complaint, except admit the existence of the DHS policy cited in footnote 5 of Paragraph 27, and respectfully refer the Court to that policy for a complete and accurate description of its contents.

28.     Paragraph 28 of the complaint sets forth Plaintiff's characterization of and/or quotations from a letter CBP sent to Plaintiff, dated July 13, 2017.  Defendants admit the existence of the July 13, 2017, letter and respectfully refer the Court to that letter for a complete and accurate description of its contents.

29.     Admit and aver that CBP has not sent any written correspondence to Plaintiff subsequent to its July 13, 2017, letter regarding Plaintiff's May 19, 2017, FOIA request.  Admit that CBP has not produced records to Plaintiff to date, and aver that CBP's efforts in response to Plaintiff's FOIA request are ongoing.  Plaintiff's use of the term "relevant" is vague, and on that basis, Defendants deny knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 29, except admit that Exhibit C to Plaintiff's complaint, Dkt. No. 1-3, contains true and correct copies of correspondence between Plaintiff and CBP.

30.     Paragraph 30 of the complaint states a legal conclusion, to which no response is required.

## CAUSES OF ACTION

31.     Deny the allegations in Paragraph 31 of the complaint, and aver that Defendants' efforts in response to Plaintiff's FOIA request are ongoing.

32.     Paragraph 32 of the complaint states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 32.

33.     Paragraph 33 of the complaint states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 33.

34. Paragraph 34 of the complaint states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 34.

35. Paragraph 35 of the complaint states a legal conclusion, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the complaint sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever from Defendants.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemption or exclusion, *see* 5 U.S.C. § 552(b).

### THIRD DEFENSE

Defendants are exercising due diligence in processing Plaintiff's FOIA request and acting in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiff's FOIA request.

### FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### FIFTH DEFENSE

Plaintiff's FOIA request does not reasonably describe the records sought.

SIXTH DEFENSE

Plaintiff is not entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E).

SEVENTH DEFENSE

Plaintiff is not entitled fee waivers under 5 U.S.C. § 552(a)(4)(A).

\*       \*       \*

Defendants may have additional defenses which are presently unknown. Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in Defendants' favor; and (3) grant such further relief as the Court deems just and proper, including costs and disbursements.

Date:   New York, New York
        January 21, 2020

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for United States
Customs and Border Protection
and United States Immigration
and Customs Enforcement*

By:   /s/ *Casey K. Lee*
      CASEY K. LEE
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2714
      Fax: (212) 637-2686
      casey.lee@usdoj.gov