```
    k232AmeC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  AMERICAN CIVIL LIBERTIES
   UNION,
4
                 Plaintiff,              New York, N.Y.
5
              v.                         19 Civ. 11311(JSR)
6
   U.S. CUSTOMS AND BORDER
7  PROTECTION, U.S. IMMIGRATION
   AND CUSTOMS ENFORCEMENT,
8
                 Defendants.
9
   ------------------------------x          Conference
10
                                            February 3, 2020
11                                          11:40 a.m.

12  Before:

13                      HON. JED S. RAKOFF,

14                                          District Judge

15

16
                              APPEARANCES
17

18  NATHAN FREED WESSLER
    ALEXIA RAMIREZ
19  ROBERT HODGSON
         Attorneys for Plaintiff
20

21  GEOFFREY S. BERMAN
         United States Attorney for the
22       Southern District of New York
    CASEY KYUNG-SE LEE
23       Assistant United States Attorney

24

25

             SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

k232AmeC

1              (Case called)

2              THE DEPUTY CLERK:  Will the parties please identify
3     themselves for the record.

4              MR. WESSLER:  Good morning, your Honor.  Nathan Freed
5     Wessler for plaintiff ACLU.

6              MS. RAMIREZ:  Alexia Ramirez for ACLU.

7              MR. HODGSON:  Robert Hodgson for ACLU.

8              MR. LEE:  Good morning, your Honor.  Casey Lee for the
9     defendants.

10             THE COURT:  Good morning.

11             Do you have a proposed schedule?

12             MR. LEE:  I believe we do, your Honor.  So I believe
13    that we currently have a proposal whereby defendants will
14    report the results of their searches, they are currently
15    performing new searches in response to plaintiff's FOIA
16    request, and all of that information by February 17.

17             THE COURT:  Okay.

18             MR. LEE:  Defendant ICE is able to make an initial
19    production by March 3.  Currently Customs and Border Protection
20    is, unfortunately, still in the midst of trying to understand
21    its volume of responsive records and at this time is unable to
22    commit to a specific production.

23             THE COURT:  Well, we are just going to have to set a
24    date.  Whether they commit or not is of no interest to me.
25    This is a court of law.  We need an exact date, so we will set

k232AmeC

1  a date for them to respond, which is March 3.
2              MR. LEE:  Understood, your Honor.
3              THE COURT:  Anything else?
4              MR. LEE:  Not from the government.
5              THE COURT:  Okay.  Eventually is there going to be a
6  summary judgment?
7              MR. LEE:  That is our expectation.
8              THE COURT:  So let's set a date for that.  Both sides
9  presumably will be filing summary judgment in this kind of
10 case, so moving papers on March 23, reply papers on April 6 --
11 excuse me, answering papers on April 6, reply papers on April
12 13, and we will have an oral argument on April 20 at 10 a.m.
13             MR. LEE:  Your Honor, I would like to propose, given
14 that we still don't know the volume of records yet, that we --
15             THE COURT:  I propose that the government pay greater
16 attention to this request and find out the volume.  That
17 doesn't seem to me to be a very difficult thing in this whole
18 electronic age.  In everyday cases involving corporations, they
19 can tell me in 24 hours or less what the volume is.  Is the
20 government that technologically backward?
21             MR. LEE:  No, your Honor.
22             THE COURT:  Good.  I stick by my schedule and that
23 will be enforced.
24             MR. LEE:  Understood, your Honor.
25             THE COURT:  Anything else?

k232AmeC

1      MR. WESSLER:  Your Honor, we don't expect to be
2  seeking discovery, but because --
3      THE COURT:  I don't expect you will be seeking
4  discovery either, so don't waste my time on that except the
5  most extreme circumstances.
6      MR. WESSLER:  Your Honor, I just -- we don't think
7  there is a need to set a schedule for that now, but I just want
8  to note that CBP initially told us twice that they conducted
9  searches and found no responsive records.  We find that to be
10  completely incredible.  We would just like to note that if a
11  similar response comes back from them, we may think it is
12  appropriate to ask for the court's leave to seek limited to
13  discovery on how they conducted the search.
14      THE COURT:  My usual practice in that situation is to
15  have the person who is saying that come into court under oath,
16  and I question them.
17      MR. WESSLER:  Understood, your Honor.
18      THE COURT:  Anything else?
19      MR. LEE:  Not from defendants, your Honor.
20      THE COURT:  Very good.  Thanks a lot.
21      - - -