# Exhibit F

LEGAL DEPARTMENT

**ACLU**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

June 19, 2017

FOIA Appeals
Policy and Litigation Branch
U.S. Customs and Border Protection
90 K Street, NE, 10th Floor
Washington, DC 20229-1177

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

ROBERT B. REMAR
TREASURER

> **Re:** **Freedom of Information Act Appeal**
> **FOIA Request # CBP-2017-058684**

To Whom It May Concern:

The American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") write to appeal Customs and Border Protection's ("CBP") final response to Freedom of Information Act ("FOIA") Request No. 2017-058684 (the "Request," attached as Exhibit A). The Request, dated May 19, 2017, seeks copies of records pertaining to the use of cell site simulators by Immigration and Customs Enforcement ("ICE") and CBP.

By letter dated May 24, 2017 (the "Response," attached as Exhibit B), CBP denied the ACLU's request for records pertaining to CBP's use of cell site simulators because the agency was "unable to locate or identify any responsive records" despite having "conducted a comprehensive search of files within the CBP databases." This final response violates FOIA by failing to provide records responsive to the Request and by indicating that CBP failed to perform an adequate search of its records. The ACLU hereby appeals this decision.

"An inadequate search for records constitutes an improper withholding under the FOIA." *Dean v. U.S. Dep't of Justice*, 141 F. Supp. 3d 46, 48 (D.D.C. 2015). "An agency's search is adequate if its methods are reasonably calculated to locate records responsive to a FOIA request." *Hodge v. FBI*, 764 F. Supp. 2d 134, 141 (D.D.C. 2011); *see also* 6 C.F.R. § 5.3(b) (explaining that FOIA requires agencies to "locate [records requested] with a reasonable amount of effort."). By failing to disclose responsive records within the applicable timeframe and failing to provide a plausible justification for nondisclosure, the CBP has violated 5 U.S.C. § 552(a)(6)(A). To the extent that this failure is attributable to the adequacy of the CBP's search for responsive records, the CBP violated 5 U.S.C. § 552(a)(3)(C), (D).

First, it is not plausible that a "comprehensive" search by CBP would fail to return responsive records. A December 2016 report from the House

Committee on Oversight and Government Reform discloses that CBP possesses at least 33 cell site simulator devices.[1] At a minimum, CBP necessarily has records regarding the purchase of this equipment, which would be responsive to item 9 of the Request. *See* Request at 4. Moreover, it is not plausible that CBP has never used its nearly three dozen cell site simulators, meaning that the agency would also have records responsive to the portions of the request covering deployment and use of the technology. *See id.* at 3-4. It is simply not credible that CBP possesses more than 30 cell site simulators but has zero records regarding their purchase and use. An adequate search would have returned records responsive to the Request. CBP has failed to conduct a search "reasonably calculated to locate" responsive records. *Hodge*, 764 F. Supp. 2d at 141.

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Second, CBP's Response lacks any explanation concerning the reason why the agency found no responsive records. CBP merely asserted that it conducted a "comprehensive search" of its database, but did not specify what agency components or records repositories and databases were searched, nor the search terms or methods used to seek responsive records. Because an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested," *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), the agency "at a minimum ha[s] to aver that it has searched all files likely to contain relevant documents." *AIC v. DHS*, 950 F. Supp. 2d 221, 230 (D.D.C. 2013). Moreover, CBP sent its Response a mere three business days after the Request was submitted. This raises concerns about the thoroughness of the search. A reasonable search for records responsive to the Request would include searches of, at a minimum: records concerning purchase and acquisition of cell site simulators held by the Office of Acquisition and the Office of Information & Technology; records regarding policies governing and actual practices of use and deployment of cell site simulators held by the Office of Field Operations, the Border Patrol, the various components of the Operations Support Office, and other agency components; policy documents and other responsive records held by the Privacy and Diversity Office; and records held by the Office of the Chief Counsel.[2]

CBP's decision to deny the ACLU's request for records pertaining to the agency's use of cell site simulators was in error. It is not plausible that CBP conducted a "comprehensive search of files" for responsive records. *See*

---

[1] House Comm. On Oversight & Gov't Reform, *Law Enforcement Use of Cell-Site Simulation Technologies: Privacy Concerns & Recommendations* 14 (Dec. 19, 2016), https://oversight.house.gov/wp-content/uploads/2016/12/THE-FINAL-bipartisan-cell-site-simulator-report.pdf.

[2] This list is illustrative only, and is not intended to represent a comprehensive list of components that should be searched. The agency must make an initial determination of which components are likely to possess responsive records.

Response. The agency should therefore conduct a new search and promptly process records responsive to the Request.

Thank you for your attention to this matter. Please furnish all further correspondence to:

Nathan Freed Wessler
American Civil Liberties Union
125 Broad Street—18th Floor
New York, New York 10004
T: 212.549.3500
F: 212.549.2654
nwessler@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Respectfully,

Nathan Freed Wessler
American Civil Liberties Union
Foundation
125 Broad Street—18th Floor
New York, New York 10004
T: 212.549.2500
F: 212.549.2654
nwessler@aclu.org