# Exhibit L

```
k232AmeC
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   AMERICAN CIVIL LIBERTIES
     UNION,
 4
                    Plaintiff,              New York, N.Y.
 5
               v.                           19 Civ. 11311(JSR)
 6
     U.S. CUSTOMS AND BORDER
 7   PROTECTION, U.S. IMMIGRATION
     AND CUSTOMS ENFORCEMENT,
 8
                    Defendants.
 9
     ------------------------------x        Conference
10
                                            February 3, 2020
11                                          11:40 a.m.

12   Before:

13                    HON. JED S. RAKOFF,

14                                          District Judge

15

16
                            APPEARANCES
17

18   NATHAN FREED WESSLER
     ALEXIA RAMIREZ
19   ROBERT HODGSON
         Attorneys for Plaintiff
20

21   GEOFFREY S. BERMAN
         United States Attorney for the
22       Southern District of New York
     CASEY KYUNG-SE LEE
23       Assistant United States Attorney

24

25
```

k232AmeC

1                (Case called)
2                THE DEPUTY CLERK:  Will the parties please identify
3    themselves for the record.
4                MR. WESSLER:  Good morning, your Honor.  Nathan Freed
5    Wessler for plaintiff ACLU.
6                MS. RAMIREZ:  Alexia Ramirez for ACLU.
7                MR. HODGSON:  Robert Hodgson for ACLU.
8                MR. LEE:  Good morning, your Honor.  Casey Lee for the
9    defendants.
10               THE COURT:  Good morning.
11               Do you have a proposed schedule?
12               MR. LEE:  I believe we do, your Honor.  So I believe
13   that we currently have a proposal whereby defendants will
14   report the results of their searches, they are currently
15   performing new searches in response to plaintiff's FOIA
16   request, and all of that information by February 17.
17               THE COURT:  Okay.
18               MR. LEE:  Defendant ICE is able to make an initial
19   production by March 3.  Currently Customs and Border Protection
20   is, unfortunately, still in the midst of trying to understand
21   its volume of responsive records and at this time is unable to
22   commit to a specific production.
23               THE COURT:  Well, we are just going to have to set a
24   date.  Whether they commit or not is of no interest to me.
25   This is a court of law.  We need an exact date, so we will set

1   a date for them to respond, which is March 3.
2           MR. LEE:  Understood, your Honor.
3           THE COURT:  Anything else?
4           MR. LEE:  Not from the government.
5           THE COURT:  Okay.  Eventually is there going to be a
6   summary judgment?
7           MR. LEE:  That is our expectation.
8           THE COURT:  So let's set a date for that.  Both sides
9   presumably will be filing summary judgment in this kind of
10  case, so moving papers on March 23, reply papers on April 6 --
11  excuse me, answering papers on April 6, reply papers on April
12  13, and we will have an oral argument on April 20 at 10 a.m.
13          MR. LEE:  Your Honor, I would like to propose, given
14  that we still don't know the volume of records yet, that we --
15          THE COURT:  I propose that the government pay greater
16  attention to this request and find out the volume.  That
17  doesn't seem to me to be a very difficult thing in this whole
18  electronic age.  In everyday cases involving corporations, they
19  can tell me in 24 hours or less what the volume is.  Is the
20  government that technologically backward?
21          MR. LEE:  No, your Honor.
22          THE COURT:  Good.  I stick by my schedule and that
23  will be enforced.
24          MR. LEE:  Understood, your Honor.
25          THE COURT:  Anything else?

|   |   |
|---|---|
| 1 |    MR. WESSLER:  Your Honor, we don't expect to be |
| 2 | seeking discovery, but because -- |
| 3 |    THE COURT:  I don't expect you will be seeking |
| 4 | discovery either, so don't waste my time on that except the |
| 5 | most extreme circumstances. |
| 6 |    MR. WESSLER:  Your Honor, I just -- we don't think |
| 7 | there is a need to set a schedule for that now, but I just want |
| 8 | to note that CBP initially told us twice that they conducted |
| 9 | searches and found no responsive records.  We find that to be |
| 10 | completely incredible.  We would just like to note that if a |
| 11 | similar response comes back from them, we may think it is |
| 12 | appropriate to ask for the court's leave to seek limited to |
| 13 | discovery on how they conducted the search. |
| 14 |    THE COURT:  My usual practice in that situation is to |
| 15 | have the person who is saying that come into court under oath, |
| 16 | and I question them. |
| 17 |    MR. WESSLER:  Understood, your Honor. |
| 18 |    THE COURT:  Anything else? |
| 19 |    MR. LEE:  Not from defendants, your Honor. |
| 20 |    THE COURT:  Very good.  Thanks a lot. |
| 21 |              - - - |
| 22 | |
| 23 | |
| 24 | |
| 25 | |