# Exhibit N

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



March 4, 2020

Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

**RE:** <u>**ACLU v DHS (1:19-cv-11311-JSR)**</u>
**ICE FOIA Case Number 2020-ICLI-00013**
**Final Response**

Dear Mr. Wessler:

This is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE). You requested the following:

1) Any policy directives, guidance documents, memoranda, training materials, or similar records created on or after October 19, 2015, governing or concerning use of cell site simulators by Immigrations and Customs Enforcement and Customs and Border Protection agents, employees, or partners, including any policy or guidance document that cites Department of Homeland Security Policy Directive 047-02 ("Department Policy Regarding Use of Cell-Site Simulator Technology"), 7 as well as any communications with Congress concerning implementation of or updates to DHS Policy Directive 047-02 and other policies governing cell site simulator use;

2) Any records reflecting whether ICE or CBP does use or is permitted to use cell site simulators in furtherance of civil immigration enforcement operations, as opposed to in furtherance of criminal investigations, and any guidance concerning whether and how DHS Policy Directive 047-02 applies to uses of cell site simulators in furtherance of immigration-related investigations that are not criminal. in nature;

3) From October 19, 2015 to the present, annual records reflecting the total number of times a cell-site simulator is deployed in the jurisdiction of each field office, the numbers of deployments at the request of other agencies, and the number of times the technology is deployed in emergency circumstances (collection of this information is required by DHS Policy Directive 047-02);

4) Since the date of the last annual record described in item 3, above, records reflecting the number of ICE and CBP investigations or operations in which cell site simulators have been deployed, including information about the field office deploying the cell site simulator and whether those deployments were in support of criminal investigations of

*www.ice.gov*

      non-immigration-related offenses, criminal investigations of immigration-related offenses, or civil immigration enforcement operations;

5) Records reflecting the number of times ICE and CBP have requested the assistance of other law enforcement agencies (including federal, state, local, and foreign) in deploying cell site simulators;
6) Records regarding implementation of an auditing program to ensure deletion of data collected by cell site simulators, as required by DHS Policy Directive 047-02;
7) All applications submitted to state and federal courts since January 1, 2013, for orders or search warrants authorizing the use of cell site simulators in ICE and CBP investigations or operations (including_ investigations or operations as part of task forces or partnership☐ with other agencies), as well as any warrants or orders, denials of warrants or orders, and returns of warrants associated with those applications. If any responsive records are sealed, please provide the date, court, and docket number for each sealed document;
8) All requests to persons or offices within the Department of Homeland Security for supervisory or legal authorization to deploy cell site simulators;
9) Records dated or created on or after January 1, 2013 concerning the purchase of cell site simulator equipment and related software and hardware, including purchase or4ers, invoices, documentation of selection, sole source or limited source justification and approval documentation, communications, and other memoranda and documentation. This should include any purchase of cell site simulator equipment from the Harris Corporation (including, but not limited to, Stingray, Stingray II, Hailstorm, Triggerfish, Kingfish, Amberjack, and Harpoon devices), DRT (also known as Digital Receiver. Technology), and other companies. At a minimum, please search the ICE Office of Acquisition Management for these records; and
10) Records concerning the use of evidence derived or resulting from use of a cell site simulator in immigration court proceedings, and the provision of notice to respondents in immigration court proceedings informing them that a cell site simulator was used.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the Office of Homeland Security Investigations (HSI), Office of Information Governance and Privacy (IGP), and the Office of the Principal Legal Advisor (OPLA) located records that were potentially responsive to your request. For this production ICE reviewed 2,643 pages of potentially responsive records. Of those 2.643 pages, ICE determined that 1,186 pages were deemed responsive. Of those 1,186 pages, 92 pages require further coordination with other agencies/components. Therefore, this production consists of 1,094 pages. These pages have been Bates numbered 2020-ICLI-00013 1 through 2020-ICLI-00013 1094. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) to portions of these pages as described below.

ICE has applied FOIA Exemption (b)(5) to withhold draft documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions, as well as the attorney-client privilege and the attorney work product privilege.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of DHS employees contained within the documents.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency investigations and operations within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

Sincerely,

*Dexter E. Johnson/for*

Fernando Pineiro Jr
(A) FOIA Officer

Enclosure(s):   1,094 page(s)