UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN CIVIL LIBERTIES UNION,

                    Plaintiff,                    No. 1:19-cv-11311 (JSR)

                v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION and UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                    Defendants.
----------------------------------------------------------X

## DECLARATION OF PATRICK A. HOWARD

I, Patrick A. Howard, declare the following to be true and correct:

      1.     I am a Branch Chief within the Freedom of Information Act Division (FOIA Division) at U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists, the processing of requests for records submitted to CBP pursuant to FOIA, 5 U.S.C. § 552, the Privacy Act (PA), 5 U.S.C. § 552a, and other activities conducted pursuant to applicable records access provisions.

      2.     I am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of FOIA specialists in processing FOIA requests and assist with FOIA/PA litigation matters, and I am personally familiar with the processing of FOIA/PA responses, including, at times, by directly reviewing for adequacy and compliance to federal laws and regulations.

3.      The statements I make in this declaration are based upon my personal knowledge, which includes knowledge acquired through information furnished to me in the course of my official duties and agency files that I personally reviewed in the course of my official duties.

4.      I am familiar with the May 19, 2017, FOIA request submitted by the American Civil Liberties Union Foundation (herein after referred to as "ACLU" or "Plaintiff") to CBP.

5.      I submit this declaration in support of the Defendants' Motion for Summary Judgment. The purpose of this Declaration is to summarize CBP's FOIA procedures and the steps CBP took in conducting its search of CBP records that were potentially responsive to Plaintiff's Request.

## CBP'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE TO FOIA REQUESTS

6.      Broadly, the FOIA Division at CBP reviews FOIA requests, determines whether responsive records exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the FOIA Division consults with CBP component agencies, CBP personnel and, when appropriate, with other components within DHS, as well as other Executive Branch agencies.

7.      Despite the large size of CBP as an organization, the FOIA Division currently consists of 27 full-time staff and FOIA processors, 9 FOIA assistants, and 4 supervisory employees.

8.      A Government Information Specialist (GIS), also known as a FOIA processor, is tasked with reviewing information and providing assistance to managers and employees concerning FOIA issues, policies, and procedures.  He or she is also responsible for processing FOIA requests for CBP records. A GIS is responsible for reviewing and preparing draft responses

to requests for releases of information and, in so doing, must apply relevant statutes, regulations, agency rules, and/or executive orders as they pertain to FOIA requests.

9. A Branch Chief is responsible for managing policy formulation, advising agency management, and ensuring compliance with federal laws governing the release of information. Branch Chiefs oversee the release of CBP documents and information, assist with FOIA litigation matters, and oversee the processing of FOIA responses and adherence to federal laws and regulations.

10. As published in the DHS FOIA Annual Reports, during fiscal year 2017 FOIA received 88,840 requests and processed 87,623 requests. During fiscal year 2018 FOIA received 87,388 requests and processed 74,894 requests. During fiscal year 2019 FOIA received 86, 133 requests and processed 88, 230 request.

11. Where the FOIA Division has no direct access to records that may be responsive to a request, it must determine which CBP component offices are likely to have responsive information and work with those offices to gather any potentially responsive records. Based on the FOIA Division's familiarity, experience and knowledge with the types of records that each office maintains, an assessment is made as to where responsive records are likely to be maintained based on a review of the content of the request itself and the nature of the records sought, as well as discussions with knowledgeable agency personnel. Accordingly, when CBP receives a FOIA request that reasonably describes the records requested and complies with the agency's rules governing the procedures for FOIA requests, the office likely to have responsive information is tasked with searching for and retrieving potentially responsive records.

12. The CBP FOIA office addresses a broad variety of FOIA requests. Approximately 85% of requests received are internally referred to as "traveler" requests, from individuals or their

registered representatives asking for records of entry and exit, records of inspection, apprehension, etc. The requests are focused on the activities of a single person, or multiple persons/family and are processed internally within CBP FOIA, with no other office involvement.

13. The remaining 15% of requests are internally referred to as "Non Traveler" requests and essentially encompass anything that does not fall into the first category. A frequent characteristic of Non Traveler requests is the need for CBP FOIA to reach out to other offices for records, as CBP FOIA does not have access to all systems within CBP. Some examples of other types of requests that CBP handles which fall into this category:

   a. Human Resources requests – dealing with job applications and selections, applicants resumes, etc.
   b. OPR – Internal Affairs investigations into employee misconduct, etc.
   c. Import/Export or FP&F requests – dealing with seizures, fines, penalties, and other topics for business imports/exports.
   d. Procurement requests, dealing with contracts CBP has entered into with businesses.
   e. Commercial/Media/Other – a general type of request where the requester is defined by their fee type, other special interest groups, members of the media, etc.

14. CBP is the largest federal law enforcement agency in the United States and is charged with keeping terrorists and their weapons out of the United States, while facilitating lawful international travel and trade.

15. CBP is comprised of more than 60,000 employees charged with enforcing hundreds of federal statutes. Approximately 45,000 of those employees are armed law enforcement officers

engaged in carrying out CBP's expansive border security mission. CBP is comprised of three law enforcement components: Office of Field Operations (OFO), United States Border Patrol (USBP), and Air and Marine Operations (AMO).

16. There are a number of operational and policy offices within CBP. Upon receiving the request, CBP FOIA staff evaluate the request and consider which components, offices, databases, and personnel are likely to have responsive information. Such offices include but are not limited to, the Office of Intelligence (OI), the Office of Professional Responsibility (OPR), and the Procurement Division (Procurement).

**PLAINTIFF'S REQUEST AND CBP'S SEARCH FOR RESPONSIVE RECORDS**

17. On or about May 19, 2017, Plaintiff submitted an electronic FOIA request for copies of records pertaining to the use of cell site simulators by Immigration and Customs Enforcement and Customs and Border Protection.

18. On or about May 19, 2017, the request was entered into the FOIA online tracking system under CBP-2017-058684.

19. Based on my FOIA expertise and experience, following an initial review of the request, it was determined that the office most likely to maintain information responsive to the Request was OI.

20. On May 22, 2017, the FOIA unit submitted a request to the OI. The request was entered into the FOIA tasking and sent electronically to the assigned FOIA contact in the Office of Intelligence. The Request was uploaded into the system and the tasking asked that the OI, "Please conduct a search of records/information regarding the use of cell site simulators by CBP. You can find additional information about the request under Submission Details. Attach all pertinent records and upload to case file."

21. On May 24, 2017, the OI unit responded to the tasking in the comment field stating that, "OI does not use this technology."

22. By letter dated, May 24, 2017, the FOIA unit sent the Plaintiffs a final response indicating that the Agency was unable to locate or identify any responsive records, based upon the information provided in the Request.

23. By letter dated, June 19, 2017, Plaintiff submitted an Administrative Appeal of the final response to their FOIA Request dated May 19, 2017, stating that, "it is not plausible that a 'comprehensive' search by CBP would fail to return responsive records" and that, "[it] is not plausible that CBP conducted a 'comprehensive search of files' for responsive records."

24. The FOIA Appeals Unit contacted all the relevant CBP components to conduct a de novo search based upon the information provided in the Request.

25. On July 6, 2017, the FOIA Appeals Unit sent an email to the AMO FOIA contact person asking about the use of cell site simulators by CBP and whether or not AMO uses cell site simulators. On July 13, 2017, the AMO component responded that AMO does not use cell site simulators.

26. On June 22, 2017, the FOIA Appeals Unit sent an email to the FOIA contact person for the USBP and OI asking if USBP or OI use cell site simulators. On June 23, 2017, the FOIA contact person responded that the USBP does not use cell site simulators and they do not, nor have ever, possessed cell site simulators, nor does the OI use cell site simulators and they do not, nor have ever, possessed cell site simulators.

27. By letter dated, July 13, 2017, the FOIA Appeals Unit sent the Plaintiff a final response stating, "In your response you asked for CBP records pertaining to the use of cell site simulators by CBP." "Pursuant to your appeal, this office has conducted a de novo thorough search

of CBP offices based upon the information provided. We contacted the Office of Border Patrol, Office of Air and Marine, and the Office of Intelligence and were advised that there were no records which are responsive to your requests. The decision of the CBP FOIA Division is affirmed."

28. On December 11, 2019, Plaintiff filed the instant matter. In their Complaint, Plaintiff cites to a "December 16, 2016 Report of the U.S. House of Representatives Committee on Oversight and Government Reform ("House Oversight Committee Report") disclosed that in fiscal years 2010-2014, ICE and CBP respectively spent approximately $10,500,000 and $2,500,000 to acquire and use cell site simulator technology. According to the report, as of 2016 ICE possessed 59 cell site simulators and CBP possessed 33 cell site simulators."

29. In response to the instant litigation, the FOIA Division contacted all the relevant CBP components to conduct a de novo search based upon the information provided in the Request.

30. On or about January 22, 2020, the FOIA Division sent an email to the FOIA contact person in the Procurement Division. The FOIA Division received confirmation that the Procurement division was not able to locate any cell site simulator contracts or anything related to it.

31. On or about January 22, 2020, the FOIA Division was informed by the FOIA contacts in the USBP the USBP is not using this technology.

32. On or about January 22, 2020, the FOIA Division was informed by the FOIA contact in the Procurement unit that Procurement has not been able to locate any contracts for these cell site simulators.

33. On or about January 30, 2020, the FOIA Division called the Director of the Office of Intelligence. In an email addressed to the FOIA Division the Director reported that the OPR

does not have any equipment nor have they ever purchased any equipment that can perform as a cell site simulator.

34. On February 4, 2020, the FOIA Division sent a further email to the FOIA contact in the OPR unit regarding the FOIA request. On February 24, 2020 the FOIA contact sent an email to the FOIA unit that OPR is confident that OPR has no responsive records.

35. On March 26, 2020, the FOIA unit provided the Plaintiff with a letter, via the USAO, stating: This is a final response to your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP), dated May 19, 2017. CBP FOIA has completed a supplemental search for records responsive to your request, and no responsive records were identified. CBP FOIA also conducted two prior searches for responsive records – one after receiving your initial request and another after submission of your administrative appeal. These searches also did not identify any records responsive to your request. Additional information regarding the FOIA process is available at www.dhs.gov/foia.

36. I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed on the 12th day of June, 2020.

*Patrick Howard*
_____
Patrick A. Howard
Branch Chief
Freedom of Information Act Division
U.S. Customs and Border Protection
U.S. Department of Homeland Security