UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>                              Plaintiff,<br><br>              v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                              Defendants. | 19 Civ. 11311 (JSR) |

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007

JENNIFER C. SIMON
Assistant United States Attorney
    *Of Counsel*

Defendants United States Customs and Border Protection ("CBP") and United States Immigration and Customs Enforcement ("ICE") (together, "Defendants"), by their attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in opposition to Plaintiff's motion for summary judgment.

This case arises out of a FOIA request made to the Defendant agencies, CBP and ICE, by Plaintiff American Civil Liberties Union, seeking records pertaining to use of cell site simulators by CBP and ICE, principally in the context of civil immigration enforcement. Cell site simulators help law enforcement agents locate cellular devices if the unique identifiers of the cellular device are known or, if the unique identifiers are not known, allow law enforcement agents to determine the unique identifiers by collecting limited signaling information from devices in the vicinity of the simulator.

In its recent brief, Plaintiff dropped its challenge to the adequacy of CBP's search and its challenge to two of the four documents subject to withholdings by the Department of Homeland Security ("DHS").[1] Plaintiff now only challenges very limited redactions asserted by DHS in two documents. Specifically, Plaintiff challenges redactions pursuant to FOIA Exemption 7(E) that are contained in: (1) a three-page letter dated from the Assistant Secretary for International Affairs, Office of Strategy, Policy and Plans to Senator Ron Wyden, and (2) a five-page analysis of DHS' response to a letter from Senator Al Franken.[2]

---

[1] As Plaintiff no longer challenges the adequacy of CBP's search or any other aspect of CBP's response to its FOIA request, CBP should be dismissed from the case.

[2] As noted in the Government's opening brief, ICE released in full or in part, over 1000 pages of responsive records in response to Plaintiff's FOIA request. In addition, ICE appropriately identified and referred a small number of documents responsive to Plaintiff's FOIA request to

1

For the reasons discussed herein and in the Government's opening brief, the Government's withholdings are proper, and the Court should grant its motion for summary judgment and deny Plaintiff's motion for summary judgment. Moreover, contrary to Plaintiff's assertions, an *in camera* review is not warranted.

## ARGUMENT

### A.  DHS Has Properly Applied Exemption 7(E)

As set forth in Defendants' opening brief, Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes" where disclosure would result in one of six enumerated harms set forth in 5 U.S.C. § 552(b)(7)(A)-(F). Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes," release of which "[1] would disclose techniques and procedures for law enforcement investigations or prosecutions, or [2] would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

To show that information is "compiled for law enforcement purposes," the Government need only demonstrate a "nexus between the agency's activity . . . and its law enforcement duties." *Keys v. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987). The first clause of Exemption 7(E) provides categorical protection to information that would disclose law enforcement "techniques and procedures," without requiring any showing of harm as a result of disclosure. 5 U.S.C. § 552(b)(7)(E). "[T]he qualifying phrase ('if such disclosure could

---

DHS – the entity responsible for creating those documents. The two remaining documents containing redactions challenged by Plaintiff were among the documents referred to DHS, and it is DHS, not ICE, which asserts the challenged redactions. *See generally* Declaration of James V.M.L. Holzer, dated June 12, 2020, ECF No. 29 ("Holzer Decl."), ¶ 6. Plaintiff does not challenge ICE's search or any of the withholdings or redactions asserted by ICE.

2

reasonably be expected to risk circumvention of the law') modifies only 'guidelines' and not 'techniques and procedures.'" *Allard K. Lowenstein Int'l Human Rights Project v. Dep't of Homeland Sec.*, 626 F.3d 678, 681 (2d Cir. 2010).  Moreover, while Exemption 7(E) generally covers only "investigatory records that disclose investigative techniques and procedures not generally known to the public," *Doherty v. U.S. Dep't of Justice*, 775 F.2d 49, 52 n.4 (2d Cir. 1985), "even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004); *see also Bishop v. U.S. Dep't of Homeland Sec.*, 45 F. Supp. 3d 380, 391 (S.D.N.Y. 2014).  While Plaintiff points out that, unlike the D.C. Circuit, the Second Circuit has not expressly held that "commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness," Pl.'s Br. at 12, decisions from this Court have followed the D.C. Circuit's approach.  *See Bishop*, 45 F. Supp. 3d at 391; *Platsky v. NSA*, No. 15 Civ. 1529, 2016 U.S. Dist. LEXIS 86171, at *20 (S.D.N.Y. July 1, 2016); *accord N.Y. Civ. Liberties Union v. Dep't of Homeland Sec.*, 771 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2011) (holding that "although the mechanics of cameras and license plate readers are 'generally known,' . . . [d]isclosure of the specific devices . . . could identify limitations and vulnerabilities that could be exploited by the unscrupulous.").  In any event, whether or not this Court follows the D.C. Circuit on this point does not affect the outcome of this case.

The Holzer declarations demonstrate that the withholdings on page 2 of the Wyden communication and page 4 of the Franken analysis are proper under Exemption 7(E).[3]  In particular, these redactions contain information about how the cell site technology in the

---

[3] DHS is reevaluating the redaction on page 1 of the Franken analysis.  It is anticipated that the previously withheld information on page 1 will be disclosed.

possession of DHS functions, and the circumstances under which DHS employs the technology. *See* Declaration of James V.M.L. Holzer, dated June 12, 2020, ECF No. 29 ("Holzer Decl."), ¶¶ 7, 8; Supplemental Declaration of James V.M.L. Holzer, dated July 6, 2020 ("Suppl. Holzer Decl."), ¶¶ 5, 8.  The disclosure of this information and strategies if made public would interfere with law enforcement's ability to conduct some types of lawful surveillance and disclosure of this information could allow individuals to circumvent the law by modifying their activities to avoid detection.  *See id.*

Plaintiff's argument that "the information withheld likely pertains to cell site simulator techniques and procedures already generally known to the public." Pl. Br. at 7, misunderstands the basis for DHS's withholdings.  In particular, DHS withheld the information contained in the two documents because disclosure would reveal the circumstances under which *DHS and its components* employ the technology, and the capabilities of the technology employed by DHS and its components.   *See* Holzer Decl. ¶ 7, 8; Suppl. Holzer Decl. ¶¶ 5, 8.  Whether or not there is a significant amount of public information about cell site technology in general in the public domain, as opposed to the use by DHS law enforcement components, is not the relevant inquiry.

By way of comparison, in *Allard K. Lowenstein*, the Second Circuit explained that "if [an] agency informs tax investigators that cash-based businesses are more likely to commit tax evasion than other businesses, and therefore should be audited with particular care, focusing on such targets constitutes a 'technique or procedure' for investigating tax evasion." *Allard K. Lowenstein*, 626 F.3d at 682.  In this hypothetical, the technical steps taken by the agency to perform intensive audit are not at issue; instead, it is the decisions by the agency about the particular circumstances warranting the use of such techniques that triggers the application of Exemption 7(E).  Here, disclosure of the redacted information similarly would reveal the

circumstances under which DHS components employ cell site technology and, by inference, the types of cases it does not. Such information is a technique or procedure within the meaning of Exemption 7(E).

Moreover, Plaintiff is simply incorrect that the redacted information in dispute is contained in the documents attached to June 26, 2020, Declaration of Nathan Freed Wessler, Dkt. No. 32, submitted in support of Plaintiff's motion for summary judgment (the "Wessler Declaration"). *See* Suppl. Holzer Decl. ¶¶ 6, 9. It is telling that the majority of the documents offered as exhibits to the Wessler declaration do not originate from DHS or its components. Although four of the documents do, the remaining fourteen records consist of documents produced by local police departments, invoices from a private company, a news article published by Plaintiff itself, documents produced by the Department of Justice, and so forth.

Although the FOIA exemption asserted here would not apply "if identical information is otherwise in the public domain," the requester has the burden of production on the issue of whether the sought after documents are publicly available. *Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys.*, 463 F.3d 239, 244-45 (2d Cir. 2006). "Prior disclosure of similar information does not suffice; instead, the specific information sought by the plaintiff must already be in the public domain by official disclosure." *Wolf v. CIA*, 473 F.3d 370, 378, 374 U.S. App. D.C. 230 (D.C. Cir. 2007). Here, Plaintiff's reliance on general information regarding cell site technology that is in the public domain does not suffice to demonstrate that information relating to the circumstances under which DHS and its components employ cell site technology, specifically, is in the public domain.

**B.     An *In Camera* Review is Not Warranted**

Finally, contrary to Plaintiff's suggestion that the Court should conduct an *in camera* review, such a review is both unnecessary and disfavored. "In FOIA cases, a court should

5

conduct *in camera* review only as a last resort." *ACLU v. Nat'l Sec. Agency*, No. 13 Civ. 9198, 2017 WL 1155910, at *22 (S.D.N.Y. Mar. 27, 2017), *aff'd*, 925 F.3d 576 (2d Cir. 2019); *see also Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 333 (S.D.N.Y. 2019). "*In camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld. Only if the government's affidavits make it effectively impossible for the court to conduct *de novo* review of the applicability of FOIA exemptions is *in camera* review necessary." *Associated Press v. United States Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008) (internal citations omitted). "Records should not be reviewed *in camera* as a substitute for requiring an agency to explain its claimed exemptions in accordance with *Vaughn*." *Id.* (citing *ACLU v. United States DOJ*, 210 F. Supp. 3d 467, 485 (S.D.N.Y. 2016)). Instead, in such circumstances, courts allow the government to supplement its submissions. *See e.g.*, *ACLU*, 2017 WL 1155910, at *22; *Knight First Amendment Inst.*, 407 F. Supp. 3d at 333.

Here, as set forth above, DHS did not seek to withhold entire documents. Rather, the agency redacted limited sentences in the challenged documents, and the Holzer declarations adequately demonstrate the applicability of 7(E) to those redactions. Even were the Court to conclude that the government's submissions did not adequately support the application of Exemptions 7(E) and 7(F), the Court should invite the government to supplement its submissions rather than resort to *in camera* review of the documents here.

## CONCLUSION

For the reasons stated herein and in the Government's opening brief, the Government's motion for summary judgment should be granted in its entirety, Plaintiff's motion should be denied, and Plaintiff's application for *in camera* review should be rejected.

Dated: New York, New York
July 6, 2020

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney of the
        Southern District of New York

By: _____
        JENNIFER C. SIMON
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2746
        E-mail: Jennifer.Simon@usdoj.gov