UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendants*. | No. 1:19-cv-11311 (JSR) |

**STIPULATION REGARDING CERTAIN ICE RECORDS**

The Parties in the above-captioned Freedom of Information Act ("FOIA") case have conferred and reached a stipulated agreement regarding certain responsive records held by Defendant U.S. Immigration and Customs Enforcement ("ICE"). The Parties advise the Court of this agreement as follows:

1. On May 19, 2017, Plaintiff American Civil Liberties Union submitted a FOIA request to Defendants ICE and U.S. Customs and Border Protection ("CBP") seeking records regarding the agencies' acquisition and use of cell site simulator technology to track and locate cell phones.

2. On December 11, 2019, Plaintiff filed a complaint for injunctive relief pursuant to FOIA, 5 U.S.C. § 552, seeking, *inter alia*, to compel ICE to search for and produce records responsive to the request.

3. On March 4, 2020, ICE produced 1,094 pages of responsive records. Included in these records were heavily redacted copies of drafts and the final version of the agency's Privacy Threshold Analysis ("PTA") regarding cell site simulator technology. Following negotiation

1

between the parties, on May 1, 2020, ICE released a less (though still mostly) redacted version of the final PTA. ICE withheld the bulk of the final PTA pursuant to Exemptions (b)(5) and (b)(7)(E) of FOIA. *See* 5 U.S.C. § 552(b)(5), (b)(7)(E).

4. ICE's March 4, 2020, release also included a heavily redacted draft version of an ICE Privacy Impact Assessment ("PIA") for surveillance technologies. During subsequent negotiations, ICE informed Plaintiff that the agency had not yet completed a final version of this document.

5. A PTA is prepared to determine whether a PIA is required. The ICE cell site simulator PTA states that the technology does require preparation of a PIA, and that "[c]overage will be provided by the forthcoming ICE Surveillance Technologies PIA."

6. The court-ordered deadline for ICE to produce responsive records was April 2, 2020.

7. Plaintiff's motion for summary judgment was filed on May 22, 2020.

8. In order to avoid unnecessary expenditure of litigation resources, the parties agree and stipulate as follows:

    a. Plaintiff agrees not to challenge ICE's redactions to the final or draft versions of the PTA or the draft PIA in this action.

    b. ICE agrees that it shall send to Plaintiff's counsel a copy of the ICE Surveillance Technologies PIA when it is made publicly available. The PIA will be provided in its publicly available form, which may include redactions, such as for information ICE regards as law enforcement sensitive. ICE estimates that the PIA will be made publicly available and posted online for public comment in the Fall of 2020, but cannot provide a firm completion date. When the PIA is

made publicly available, ICE shall send a copy via email to Nathan Freed Wessler at nwessler@aclu.org within 2 weeks.

c. If ICE has not made the PIA publicly available and sent a copy to Plaintiff by November 1, 2020, ICE shall update Plaintiff via email to Nathan Freed Wessler (nwessler@aclu.org) as to the status of the PIA and provide an estimated completion date. ICE shall continue providing such updates every two months (i.e., January 2, 2021; March 1, 2021; etc.) until the PIA is made publicly available and a copy is provided to Plaintiff's counsel.

d. Notwithstanding Paragraph 8(c), in the event that the drafting of the Surveillance Technologies PIA is cancelled, or ICE otherwise determines that the PIA is not required for any reason, ICE shall notify Plaintiff of this determination and no further updates will be required.

Dated: June 17, 2020

GEOFFREY S. BERMAN
United States Attorney of the
Southern District of New York

By: _____
JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2746
E-mail: Jennifer.Simon@usdoj.gov

/s/ _Alexia Ramirez_
Alexia Ramirez
Nathan Freed Wessler
Brett Max Kaufman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nwessler@aclu.org
aramirez@aclu.org
bkaufman@aclu.org

Robert Hodgson
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
rhodgson@nyclu.org
cdunn@nyclu.org

*Counsel for Plaintiff*

So ordered:
Dated: July _13_, 2020

_____
United States District Judge

4